SASSEEN, WHITAKER & Co., plaintiffs in error, vs. WEAKLEY & WARREN, defendants in error.

[1.] Awards are favored by the Courts, and treated with great liberality.
[2.] Where a party delivered cots, substantially the same as the ones ordered: *Held*, That he was entitled to recover pay for them.

Issue upon an award.    Tried before Judge WARNER. In Fulton Superior Court.    April Term, 1866.

The parties to this case, on the 19th of October, 1865, entered into a submission, the terms of which were substan-tially as follows: "There exists between these parties a certain matter of controversy, in reference to thirty cots (with mattresses and pillows) which Weakly & Warren allege were shipped to Sasseen, Whitaker & Co., in compli-ance with their order, at the agreed price of $14 each, and for which the latter refused to pay, because, as they say, they are not of the kind and quality ordered in accordance with the sample exhibited. Now, therefore, it is agreed to refer the said matter of controversy to the arbitrament and

award (as provided in the Code of Georgia) of A, chosen by one party, B by the other, and C by A and B."

The award rendered was, that Sasseen, Whitaker & Co. receive and pay for the articles, deducting two dollars from the price of each cot, the arbitrators being of opinion (as the award stated) that, for utility, the cot sent was substantially as good as the one claimed to have been ordered, but that the cot with the "bow head piece" would sell for two dollars more, if exhibited in the market, as a matter of taste.

In the Superior Court, to which the award was returned, it was attacked by Sasseen, Whitaker & Co., on the affidavit of Whitaker, as illegal, upon the ground (1) that, although the arbitrators found that the cots were not those purchased but inferior thereto, and that the purchase was by a sample superior by two dollars to the cots sent, yet acceptance of the latter was compelled by the award; and, as an appendage to this ground, (2) that whether the opposite party had a right to send cots of a higher or lower grade was not submitted.

The issue, thus formed, was tried by a jury, and the following evidence, agreed upon by counsel as the testimony taken before the arbitrators, was introduced by Sasseen, Whitaker & Co.

*A. E. Morgan.*—Presented to Whitaker the account for the cots. He did not object to the account, but agreed to pay it. His firm paid the freight on the cots. He said he wanted them hurried on, regardless of expense.

*John Henderson.*—Ordered the cots as agent for Sasseen, Whitaker & Co. Gave the order to Warren who had previously exhibited to witness a sample cot, and with this sample before him, he said to Warren, "order thirty of these cots." They were not yet made, but were to be ordered from a house in Cincinnati. The price was $14 each, including mattress and pillow case. The cots sent are not like the sample showed by Warren. (Witness here produced a cot which he said was of the same style with the sample, and

placed it by one of those sent. The two were of the same height, length, and breadth.) The difference consists in the frames. The style of the head boards is different. The cot ordered is stronger and better than those sent; difference in value $6 or $7, the sample worth $8 or $9, the others $4 or $5. Is not a furniture dealer, nor a judge of cots. Had not, until sworn, examined the way the slats are put in the cots sent. Told Sasseen, Whitaker & Co. that these cots were not the same as ordered, and they refused to take them.

*Thomas E. Whitaker, one of the parties.*—Did not, when he paid the freight and offered to pay the bill, know the difference between the cots sent and those ordered. The hotel for which the cots were ordered, was sold out before they arrived, but the cots would have been received, nevertheless, if Henderson had not said they were not such as were ordered.

*Mr. Warren, one of the parties*—Received the order through Henderson, and by his consent, transmitted it to C. B. Prayther, of Cincinnati. The cots were yet to be made, and the sample was not to be sent to Prayther. Witness forwarded the order as Henderson gave it. The cots sent are the wood cot, and of the same kind and class as the sample shown Henderson—no substantial difference. The style of the head-board is different. That of the sample (witness thinks) was not as high as that of the sample Henderson now exhibits. The cots are of the same dimensions and materials. The fastenings of those sent are of wrought iron, while those of the one brought in by Henderson are of cast iron. Those sent are stronger, more durable and better; the slats being shorter, they will bear more weight, and the fastenings are not so easily broken. The cost is the same—$7 for cot, $6 for mattress, and $1 for pillow. If any difference in value, it is in favor of those sent. Did not understand Henderson to insist on small matters of style; they were not discussed, nor included in the order which Henderson gave. Witness is an old furniture dealer, and a judge of such things. The two cots are substantially the same.

*Mr. McAlister*—Is an old maker of, and dealer in furniture, and a judge of such things. Has examined the cots sent, and that brought in by Henderson. They are of the same name and class, called the wood cot—generally and substantially the same. The fashion of the head-boards is different, but one is as good as the other. The cots sent are fully as good, if not better, than the other. The fastenings are much more secure, and more durable—wrought iron fastenings are not so easily broken.

The same party introduced the following agreement signed by counsel:

"We agree that there was the following difference in the two cots exhibited:

1. The cot exhibited as the sample shown Henderson in Nashville, had a bow head-piece fourteen inches high with two turned cross pieces, and secured by patent iron fastenings, and folded down. The cot sent had a board head-piece about eight or ten inches high, and fastened by a wrought iron twisted bar that shut up and down at pleasure.

2. The braces of the legs were crossed, extending from near the top of one leg to near the bottom of the other. In the cot sent, the braces were put in horizontally near the top and bottom of the legs.

3. The iron fastenings were one inch broad, with a hook on one end, which fastened to a projecting piece of iron, to secure the cot in an upright position. In the cot sent, the fastenings were small iron rods driven into the side of the cot at one end, and at the other turned into a hook and passed through a hole.

4. The slats were fastened to their places by being slipped over the head of a small iron bolt, which could be removed at pleasure. In the cot sent, the slats were fastened permanently by means of iron staples so put in as to allow the slat to spring at pleasure, and were several inches shorter than in the sample cot, the length being supplied by two cross slats at the head.

The Court charged the jury that in order to authorize a

recovery by Weakly & Warren, they must show a substantial compliance on their part, by having sent cots substantially the same as the sample exhibited when the purchase was made.

The jury returned a verdict confirming the award; and Sasseen, Whitaker & Co. moved for a new trial because the verdict was contrary to the charge of the Court, and contrary to evidence and the principles of justice and equity.

The Court overruled the motion, and this is complained of as error.

D. F. HAMMOND and BARNETT & BLECKLEY, for plaintiffs in error.

POPE, for defendants.

WALKER, J.

Should the Court have granted a new trial in this case? The parties had selected the persons to whose decison they agreed to submit, and such decisions are favored by the Courts. "Awards are treated with great liberality. The parties make the arbitrators judges, and their judgment has much of the solemnity which attaches to the judgment of a Court of justice." *Crabtree vs. Green*, 8 *Ga. R.*, 19, 20. "A palpable mistake of law," *Code, sec.* 2833; or an award, "the result of accident or mistake, or the fraud of some one or all of the arbitrators or parties, or is otherwise illegal," will be corrected. *Code, sec.* 4152. Is this award on any account "illegal?"

On the trial before the jury the Court charged that "in order to authorize a recovery by Weakley & Warren, they must show a substantial compliance on their part, by having sent cots substantially the same as the sample exhibited when the purchase was made." This is admitted to be the law of the case; and we think that, under the evidence, the verdict was not only not against the charge of the Court,

the evidence, and the principles of justice and equity, but is in accordance with all of them. We are fully satisfied that the cots sent were substantially the same as those ordered, and if the arbitrators had awarded the payment of the price agreed upon, we should have upheld the award, and think that such an award would not probably have been contested. Without going through the evidence, to show why we think it sustains the verdict, we affirm the decision of the Court below in refusing a new trial.

Judgment affirmed.